**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-140- |
| | § | SDJ-CAN |
| VENANCIO REBOLLAR-LUIS (1) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Venancio Rebollar-Luis's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on February 17, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Eric Erlandson.

Defendant was sentenced on April 3, 2019, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Reentry of Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, was 27 to 33 months. Defendant was subsequently sentenced to 33 months imprisonment subject to the standard conditions of release, plus special conditions to include surrendering to immigration officials, reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or reentry into the country, financial disclosure, and testing and treatment for alcohol abuse. On March 30, 2021, Defendant completed his period of imprisonment and began service of the supervision term. He was deported from the United States to Mexico on April 23, 2021.

On March 26, 2021, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On June 21, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 35, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; and (2) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside the United States. In the even you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 35 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On or about May 5, 2021, a U.S. Border Patrol Agent encountered Defendant near the Port of Laredo, near Laredo, Texas. Upon questioning, it was determined that Defendant had unlawfully entered the United States from Mexico by swimming across the Rio Grande River. This offense occurred after he was previously deported from the United States on or about April 23, 2021. Defendant has been charged by Criminal Complaint in the Southern District of Texas Docket No. 5:21mj01080. As of this writing, this charge remains pending and Defendant remains in custody; and (2) As evidenced by his apprehension by U.S. Border Patrol Agents on or about May 5, 2021, Defendant failed to remain outside of the United States after having been deported on or about April 23, 2021 [Dkt. 35 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition. The Government dismissed allegation 1. Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 47; 48].

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of seven (7) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 31st day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE